Filed 8/29/22 P. v. Jackson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079096 |
| v. | (Super. Ct. No. RIF097839) |
| BAILEY LAMAR JACKSON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Dismissed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I.

# INTRODUCTION

Defendant and appellant Bailey Lamar Jackson, Jr. appeals from a postjudgment order denying his Penal Code section 1170.95[1] petition for resentencing under the procedures established by Senate Bill Nos. 775 and 1437. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because defendant is not entitled to *Wende/Anders* review from denial of the challenged postjudgment motion, and neither he nor his counsel has raised any claim of error in the denial, we dismiss his appeal as abandoned.

# II.

# FACTUAL AND PROCEDURAL BACKGROUND

In December 2004, a jury convicted defendant of first degree murder (§ 187, subd. (a)), first degree burglary (§ 459), and first degree robbery (§§ 211, 215, subd. (a)) of G.M. The jury found true the special circumstance allegations of robbery murder and burglary murder (§§ 190.2, subd. (a)(17)(A), (G)). Defendant was also convicted of attempted murder (§§ 187, subd. (a), 664, subd. (a)), first degree burglary (§ 459), first

---

[1] That section has since been renumbered as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) However, because that change was nonsubstantive and it occurred after briefing in this case was complete, we will cite to Penal Code section 1170.95 for ease of reference. All further statutory references are to the Penal Code. All future statutory references are to the Penal Code unless otherwise stated.

degree robbery (§§ 211, 215, subd. (a)), torture (§ 206), forcible rape (§ 261, subd. (a)(2)), forcible oral copulation (§ 288a, subd. (c)(2)), and sexual penetration with a foreign object on an unconscious person (§ 289, subd. (d)) against M.M. The jury found true allegations that defendant personally inflicted great bodily injury on a person 70 years of age or older in the commission of the attempted murder and torture (§§ 12022.7, subd. (c), 1192.7, subd. (c)(8)). In connection with the rape and forcible oral copulation charges, the jury found true that defendant inflicted aggravated mayhem or torture on M.M. (§ 667.61, subd. (d)(3)), that he entered her house with the intent to commit a violent sexual offense (§ 667.61, subds. (c), (d)(4)), and that he personally inflicted great bodily injury on M.M. (§ 667.61, former subd. (e)(3)). The jury also found that defendant had been convicted of two prior prison offenses (§ 667.5, subd. (b)), two serious prior felonies (§ 667, subd. (a)), and two serious or violent felonies within the meaning of the "Three Strikes" law (§§ 667, subds. (c), (d)(2), (e)(2)(A), 1170.12, subd. (c)(2)(A)). (*People v. Jackson* (2016) 1 Cal.5th 269, 283 (*Jackson I*).)

The jury was unable to reach a penalty verdict. A new jury was empaneled and the penalty phase was retried, resulting in a verdict of death. The trial court denied the automatic motion to modify the penalty, sentenced defendant to death for the count of murder, and imposed a sentence of 212 years to life on the remaining counts. (*Jackson I*, *supra*, 1 Cal.5th at p. 283.) Due to the death sentence, the matter was automatically appealed to the California Supreme Court. (Cal. Const. art. VI, § 11, subd. (a); § 1239, subd. (b).)

The California Supreme Court's opinion in *Jackson I*, *supra*, 1 Cal.5th 269 recounted the factual background of the case. The factual background established that defendant acted alone, was the actual killer of G.M., and the sole person who attempted to kill M.M. (*Id.* at pp. 284-298.) The Supreme Court affirmed the judgment, but remanded the matter to the trial court to recalculate the noncapital portion of defendant's sentence. (*Id.* at pp. 284, 375.)

On January 10, 2022, defendant in propria persona filed a petition for resentencing pursuant to section 1170.95.

On May 27, 2022, following a hearing, the trial court denied defendant's petition for resentencing. Defendant timely appealed.

### III.

### DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues, and requesting this court to conduct an independent review of the record. Counsel has raised the issues of whether defendant stated a prima facie case for eligibility and whether defendant is entitled to resentencing on his murder and attempted murder convictions.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Thus, no claim of error has been raised.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95. (*People v. Delgadillo*, rev. granted Feb. 17, 2021, S266305; see Cal. Rules of Court, rule 8.512(d)(2).) Recent Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the defendant does not file a supplemental brief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.) Some cases have explained that we have discretion to review the record independently for arguable issues, either where an initial review does not show the defendant is obviously ineligible for relief (such as when the defendant was convicted on a theory he was the actual killer) or as a routine matter. (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; *People v. Flores* (2020) 54 Cal.App.5th 266, 269-274.)

In this case, we conclude defendant is not entitled to *Wende* review of an order denying his petition for resentencing under section 1170.95. Review pursuant to *Wende*, or its federal constitutional counterpart *Anders*, is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555;

5

*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) The constitutional right to counsel extends to the first appeal of right, and no further. (*People v. Serrano*, *supra*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *People v. Serrano*, *supra*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to section 1016.5].)

Applying *People v. Serrano*, *supra*, 211 Cal.App.4th 496 here, defendant has no right to *Wende*/*Anders* review of the denial of his section 1170.95 petition for resentencing. Furthermore, because neither defendant nor his counsel has raised any claim of error, and because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, we will dismiss defendant's appeal as abandoned.

We note, however, that the result would be the same even if we were to exercise our discretion to conduct an independent review. There is no dispute that defendant acted alone. There is also no dispute that defendant was the actual killer of G.M. and solely attempted to kill M.M. The trial court correctly denied defendant's petition.

IV.

DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

7